† CHENERY & *ux.*, *Petr's for Partition, versus* DOLE & *als.*

A division among the heirs of the realty, *by parol*, and a subsequent occupation in severalty, interpose no obstacles to the process of *partition* by either of the heirs.

An heir who has sold and conveyed her part of the estate, so assigned by parol, may, after the title has revested in her, maintain this process for her share.

And one who has conveyed all his interest, excepting his right in the dower, is rightfully made a party to the proceedings.

ON FACTS AGREED.

Chenery *v.* Dole.

PETITION FOR PARTITION.

This petition was entered April term, 1853.

The title to the lands described was in Daniel Dole, who died seized in 1815; and descended to the female petitioner and the respondents, as his heirs, subject to the right of dower of his widow, who is still alive.

The widow and heirs continued to occupy the premises, in common, until June 30, 1837, when all the heirs became of age, at which time it was agreed between them and their mother, by parol, to have her dower set off and the rest of the property divided.

The persons agreed upon made the division and run out the portions and made a plan which was in the case, and in addition to the part set off for dower to the widow, two of the respondents were to pay her forty dollars annually, which they have ever since paid.

The several heirs built fences upon most of the division lines and continued to occupy, to the filing of this petition, the portions thus set out.

The petitioners in 1848, conveyed a part of the premises to B. S. Foster, by deed of warranty, and took back a mortgage which was foreclosed before making this petition.

Andrew T. Dole, one of the respondents, conveyed long ago all his interest in the premises to two of the heirs, excepting his right in his mother's dower.

The Court were authorized to render judgment upon these facts.

*S. & D. W. Fessenden and Deblois & Jackson,* for petitioners, cited *Porter* v. *Hill,* 9 Mass. 34; *Porter* v. *Perkins & al.* 5 Mass. 233; *Swett & al.* v. *Bussey & al.* 7 Mass. 503; *Perkins & al.* v. *Pitts,* 11 Mass. 125; *Potter* v. *Wheeler,* 13 Mass. 504; *Calhoun* v. *Curtis,* 4 Met. 413; *Cogswell* v. *Reed,* 3 Fairf. 198; *Duncan* v. *Sylvester,* 4 Shep. 388; *Deane* v. *Hooper,* 31 Maine, 107; *Tilton* v. *Palmer,* 31 Maine, 486; *Wood* v. *Little,* 35 Maine, 107.

*W. P. Fessenden,* for respondents.

TENNEY, J. — The petitioners are owners and tenants in common of one-fifth part of the premises, described in the petition.

The title of B. S. Foster under the conveyance of the female petitioner and Catharine Dole, on May 13, 1848, ceased on the foreclosure of the mortgage given to them at the time of the conveyance.

The proceedings in the attempt to set off the dower of the widow, and make division among the heirs at law of Daniel Dole, the intestate, were not in accordance with the provisions of law, and were void, according to the authorities cited for the petitioners.

Separate occupation from the time of this attempt, to that of filing of the petition, was productive of no rights in one against the others, which would interpose an obstacle to the judgment prayed for. The possession was by mutual consent.

All the respondents are interested in the land, though in unequal proportions. Moses, Daniel and Catharine each hold one-fifth as the heirs of their father; and Moses and Daniel together as the grantees of Andrew. The latter is properly a party by the exception of "his interest in his mother's dower." Interlocutory judgment must be entered.